**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT KASHINSKY; RACING RAILS LLC d/b/a LEGEND FIREARMS; NEW JERSEY SECOND AMENDMENT SOCIETY; SECOND AMENDMENT FOUNDATION, INC., | :<br>:<br>: Civil Action No.<br>:<br>: |
| Plaintiffs, | :<br>: |
| | : **COMPLAINT** |
| v. | :<br>: |
| PHILIP D. MURPHY, in his official capacity as Governor of the State of New Jersey; and PATRICK J. CALLAHAN, in his official capacity as State Director of Emergency Management and as Superintendent of the New Jersey State Police, | :<br>:<br>:<br>: |
| | :<br>: |
| Defendants. | :<br>: |

COME NOW Plaintiffs ROBERT KASHINSKY, RACING RAILS LLC d/b/a LEGEND FIREARMS; NEW JERSEY SECOND AMENDMENT SOCIETY; SECOND AMENDMENT FOUNDATION, INC., by and through their undersigned attorney, and complain as follows:

1.      This lawsuit challenges the Defendants' acts of mandating the closure of all retail businesses that sell firearms or ammunition and of making the portal for firearms background checks unavailable on the website of the New Jersey State Police. Taken together, these actions amount to a ban on obtaining firearms or ammunition in the State of New Jersey.

2.      The Plaintiffs bringing this action do not mean to minimize the severity or urgency of the coronavirus pandemic. The exigencies surrounding this viral pandemic both justify and necessitate changes in the manner in which people live their lives and conduct their daily business. However, this emergency (like any other emergency) has its constitutional limits. It would not justify a prior restraint on speech, nor a suspension of the right to vote. Just the same, it does not justify a ban on obtaining guns and ammunition.

## VENUE AND JURISDICTION

3.      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343.

4.      The Court has personal jurisdiction over the Defendants because each acted, acts and threatens to act under the color of the laws of the State of New Jersey and each did so, does so and threatens to do so within the geographic confines of the State and District of New Jersey.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## PARTIES

6.      Plaintiff ROBERT KASHINSKY is a natural person residing in Somerset (Somerset County), New Jersey.

7.      Plaintiff RACING RAILS LLC d/b/a LEGEND FIREARMS ("Legend Firearms") is a limited liability company organized under New Jersey law that transacts business in Monroe Township (Middlesex County), New Jersey.

8.      Plaintiff NEW JERSEY SECOND AMENDMENT SOCIETY ("NJ2AS") is a not-for-profit corporation organized under New Jersey law with its principle office in Mercer County, New Jersey.

9.      Plaintiff SECOND AMENDMENT FOUNDATION, INC. ("SAF") is a not-for-profit corporation organized under Washington law with its principle office in King County, Washington.

10.     Defendant PHILIP D. MURPHY is the Governor of the State of New Jersey, and he is named as a defendant in his official capacity as such.

11.     Defendant PATRICK J. CALLAHAN is the State Director of Emergency Management in New Jersey and is also the Superintendent of the New Jersey State Police, and he is named as a defendant in his official capacity as such.

## PERTINENT CONSTITUTIONAL PROVISIONS

12.     The Second Amendment to the United States Constitution provides:

> A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed.

13.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

14.     The Fourteenth Amendment to the United States Constitution provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

15.     The Second Amendment "is fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *see also id.* at 805 (Thomas, J., concurring).

16.     The "core lawful purpose" of the right to keep and bear arms is "self-defense." *Heller*, 554 U.S. at 571, 630; *accord McDonald*, 561 U.S. at 767-68.

17.     In *Heller*, the Supreme Court did not intend "to cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms," which are "examples" of "presumptively lawful regulatory measures." *Heller*, 554 U.S. at 626-27 & n.26.

18.     "Commercial regulations on the sale of firearms do not fall outside the scope of the Second Amendment[.]" *United States v. Marzzarella*, 614 F.3d 85, 92 n.8 (3d Cir. 2010). Rather, "prohibiting the commercial sale of firearms . . . would be untenable under *Heller*." *Id.*

## PERTINENT STATUTES AND REGULATIONS

19.     It is illegal to purchase a firearm in New Jersey unless an individual holds a Firearms Purchaser Identification card ("FPID"). *See* N.J.S.A. §§ 2C:39-5(b)-(c), 2C:58-3(b)(1). To obtain a FPID, a person must submit fingerprints and pass a background check investigation

conducted by local police authorities. *See* N.J.S.A. § 2C:58-3(e)-(f). Police cannot issue an FPID to any person who (*inter alia*) has been convicted of a crime, confined to a mental institution, subjected to a restraining order, or who is under the age of 18. *See id.* § 2C:58-3(c).

20.     It is also illegal to purchase a firearm in New Jersey unless the transaction is conducted "through a licensed retail dealer" in firearms. N.J.S.A. § 2C:58-3(a)(2), (b)(2). A licensed retail dealer is obliged to complete a background check before consummating a firearm transaction. *Id.* § 2C:58-3(a)(3), (b)(3); *see also id.* 18 U.S.C. § 922(t); N.J.A.C. §§ 13:54-3.12, -3.13(a)(6).

21.     In New Jersey, the Division of State Police conducts background checks in connection with firearm sales. N.J.A.C. §§ 13:54-1.2, -3.12, -3.13(a)(6), -3.19. However, the National Instant Check System maintained by the federal government is also available to complete background checks.

**EXECUTIVE ORDER 107 AND THE CLOSURE
OF THE BACKGROUND CHECK PORTAL**

22.     As the Court is aware, a novel coronavirus has caused a pandemic illness that is spreading throughout the world, including the United States and the State of New Jersey. Public officials are taking action to attempt to contain and mitigate this illness. It is unclear how long it will take for this pandemic illness to run its course, and estimates have ranged from one month to 18 or more months.

23.     On March 21, 2020, Defendant Governor Murphy issued Executive Order 107, which (pertinently) ordered that "[t]he brick-and-mortar premises of all non-essential retail businesses must close to the public as long as this Order remains in effect." Executive Order 107 did not include licensed firearms dealers in its list of "essential" businesses, meaning that they must be "close[d] to the public" for the duration of the order.

24.     Although Executive Order 107 did not address the firearms background checks that the Division of State Police conducts, shortly after Defendant Governor Murphy issued the order, the Division of State Police posted a notice on the background check portal of its website indicating that the State Police would no longer conduct background checks. Since the end of March 21, 2020, it has been impossible to submit a background check to the Division of State Police for approval.

**DEFENDANTS' ACTUAL AND THREATENED ENFORCEMENT OF
THE CHALLENGED LAWS, POLICIES AND PRACTICES
AND ITS INJURY TO THE PLAINTIFFS**

25.     Plaintiff Robert Kashinsky does not own any firearms. He recently obtained a FPID. When the novel coronavirus began to spread in the United States, he became concerned about his ability to protect himself and his wife in the event that the situation developed such that emergency services were unavailable or were not reliably available. He decided that it had now become an appropriate time to purchase a firearm.

26.     On March 21, 2020, Plaintiff Kashinsky visited the premises of a licensed firearms dealer in New Jersey and decided that he would purchase one of two particular long guns (a rifle and a shotgun) they had in the store. Plaintiff elected to return to the store on Tuesday, March 24, 2020 to purchase the one he ultimately decided upon.

27.     On March 22, 2020, Plaintiff Kashinsky learned of Executive Order 107 and the closure of the background check portal on the State Police website. Accordingly, he is no longer able to purchase the firearm he intended to purchase.

28.     Plaintiff Legend Firearms is a retail dealer in firearms that is licensed under both federal law and New Jersey law to engage in business as such.

29.     As the coronavirus pandemic unfolded, Legend Firearms implemented safety measures following guidelines from the Center for Disease Control and New Jersey officials,

-5-

such as the routine cleansing of doorknobs and countertops, and a limitation of no more than 10 people in the store at once.

30.     Now that Executive Order 107 has taken effect, Legend Firearms is no longer open to the public.

31.     Since Executive Order 107 took effect, and since the Division of State Police made the background check portal unavailable, individuals have contacted Legend Firearms and expressed their desire to purchase firearms and ammunition for the purpose of personal protection. Legend Firearms has advised these people that it is no longer possible to conduct business or sell (or purchase) firearms or ammunition in New Jersey.

32.     Furthermore, now that the Division of State Police has made the background check portal unavailable, there is no means for Legend Firearms to complete a firearms transaction in the course of a private (non-public) appointment.

33.     But for Executive Order 107 and the closure of the State Police background check portal, Legend Firearms would continue to do business (under some set of restrictions and conditions), and it would be able to meet the demands of some or all of the people who contact it. At the situation now stands, Legend Firearms cannot meet any of these demands.

34.     Plaintiff New Jersey Second Amendment Society ("NJ2AS") is a civil rights advocacy group dedicated to protection of the Second Amendment. NJ2AS has members across New Jersey that desire protect themselves and their constitutional rights. NJ2AS brings these claims on its own behalf and on behalf of its members.

35.     Plaintiff Second Amendment Foundation, Inc. ("SAF") has over 650,000 members and supporters nationwide, including in the State of New Jersey. The purposes of SAF include promoting both the exercise of the right to keep and bear arms and education, research,

publishing, and legal action focusing on the constitutional right to privately own and possess firearms. SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens. SAF brings these claims on its own behalf and on behalf of its members.

36.     Defendant Governor Murphy is the Governor of New Jersey, who executed Executive Order 107, and who has authority to repeal or revise its terms to alleviate the injuries to the Plaintiffs. Defendant Governor Murphy is ready, willing and able to enforce the provisions of New Jersey law complained of herein against the Plaintiffs.

37.     Defendant Colonel Callahan is the Superintendent of the State Police and the Director of Emergency Management, who has the authority (under Executive Order 107) "to make additions, amendments, clarifications, exceptions, and exclusions to th[e] list" of "essential" retail businesses. Defendant Colonel Callahan is ready, willing and able to enforce the provisions of New Jersey law complained of herein against the Plaintiffs. Moreover, as Superintendent of the State Police, Defendant Colonel Callahan is responsible for the decision by the State Police to make the background check portal unavailable.

## CAUSE OF ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983

38.     Defendants' acts of prohibiting the operation of retail firearms businesses without regard to their manner of operation and of foreclosing any ability to access the background check portal prohibit law-abiding individuals from purchasing firearms or ammunition for the purpose of protecting themselves and their families (or for any other purpose). By their terms, these acts stand as a perpetual bar on firearms ownership.

39.     While state and local governments have the power to reasonably regulate the keeping and bearing of arms, they do not have the power to prohibit the keeping and bearing of arms, nor do they have the power to close the channels of distribution by which people obtain firearms and ammunition.

40.     Defendant Murphy's directive (in Executive Order 107) that all dealers in firearms and ammunition must close themselves to the public, without exception, stands as a perpetual ban on purchasing firearms and ammunition.

41.     Defendants' policy or practice of making the State Police background check portal unavailable also stands as a perpetual ban on purchasing firearms and ammunition.

42.     Defendants' ongoing threat to enforce Executive Order 107 against the Plaintiffs and/or the Plaintiffs' members, as well as their ongoing policy or practice of making the State Police background check portal unavailable, prevents the Plaintiffs and/or the Plaintiffs' members from purchasing and selling firearms and ammunition, thus causing injury and damage that is actionable under 42 U.S.C. § 1983.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

    i.    declaratory judgment that Executive Order 107 violates the Second and Fourteenth Amendments to the extent it operates to flatly prohibit the purchase and sale of firearms and ammunition;

    ii.    a declaratory judgment that Defendants' policy or practice of making the State Police background check portal unavailable violates the Second and Fourteenth Amendments;

    iii.    a preliminary and/or permanent injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, from enforcing Executive Order 107 to the extent it operates to flatly prohibit the purchase and sale of firearms and ammunition;

iv.     a preliminary and/or permanent injunction directing Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, to make the State Police background check portal available;

v.      such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

vi.     attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Dated: March 23, 2020

/s/ David D. Jensen
David D. Jensen
DAVID JENSEN & ASSOCIATES
33 Henry Street
Beacon, New York 12508
Tel: 212.380.6615
Fax: 914.591.1318
david@djensenpllc.com